STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-052
GAB  YOR  10/5

GERALDINE WATERHOUSE,

Plaintiff

v.                                        ORDER        NOV 9 2004

TOWN OF KENNEBUNK,

Defendant

This case comes before the court on Plaintiff Geraldine Waterhouse's appeal of the denial, by the Kennebunk Board of Assessment Review, of her application for abatement of property taxes, pursuant to Rule 80B M.R. Civ. P. and 36 M.R.S.A. § 843 (Supp. 2003). Following hearing, the appeal is Denied.

## FACTS

On November 18, 2003, Geraldine Waterhouse (Plaintiff) applied to the Kennebunk Town Assessor for a $657,700 abatement on the assessed value of her property at 18 Lord's Point Road, in Kennebunk, Maine. (R.1) When her abatement was denied, Plaintiff applied for a review before the Kennebunk Board of Assessment Review (Board). (R. 1-2) In her application, Plaintiff maintained that the fair market value of her property was "substantially less" than the $2,407,700[1] assessed by the Town. (R.2) Plaintiff provided an independent appraisal of her property, which concluded its value was $1,750,000. (R.2, 5) Plaintiff's appraisal compared Plaintiff's

---

[1]    The assessment valued the Plaintiff's land at $2,118,800 and the house at $288,900. (R. 40). Plaintiff's property is one of several waterfront residential properties located on a private road on the peninsula of Lord's Point

property to similar properties that had recently sold, including one located directly across the street, at 21 Lord's Point Road. (R. 7) Plaintiff's appraiser adjusted the sales prices of the comparable properties up or down to account for differences between the comparable properties and the Plaintiff's. (R. 7).

On May 25, 2004, the Board heard Plaintiff's abatement appeal. (R. 62) Plaintiff argued that, while the property across the street at 21 Lord's Point Road had been assessed at almost the same value as Plaintiff's, (R. 40, 42) the two houses were of very different quality. (R.31) The superior quality and condition of 21 Lord's Point Road was described in Plaintiff's appraisal, which concluded Plaintiff's property should be valued at $480,000 less than 21 Lord's Point Road. (R. 7, 15) Plaintiff's witness, who had been a frequent visitor to 21 Lord's Point Road, attested to the considerable superiority of that property's interior, and estimated the difference in value between the two houses to be $500,000. (R. 31) Because the similar assessments of the two properties did not reflect their differences, and because 21 Lord's Point Road had recently sold at close to its assessed value, Plaintiff maintained her property was clearly overvalued. (R. 31-32).

In defense of the town's assessments, the Town Assessor provided some of the asking prices for properties for sale on Lord's Point Road for comparison with their assessed valuations. (R. 27) The Assessor also explained how recent property tax revaluations had been computed, with the new valuations based on sale prices of comparable properties, and inspections. (R.20-21, 27) The Assessor also produced cards showing that an inspector had viewed the interior of both the Plaintiff's house and 21 Lord's Point Road in the course of "building" their assessments. (R. 30-31)

The Board decided that it should rely on a range of other property valuations for comparison with Plaintiff's, rather than on 21 Lord's Point Road. (R. 35) The Board then

2

concluded the Plaintiff's assessed valuation was appropriate, and that information had been gathered by the Town Assessor in a consistent manner. (R. 35-36). The Board voted 3-0 to deny Plaintiff's abatement. (R. 36)

The Board issued the following Findings of Fact:

1. The Town's assessment is consistent with comparable properties in the same neighborhood of the Waterhouse property, and in particular with properties having a site index 5.

2. Two of the three comparables used in the private appraisal submitted by Ms. Waterhouse in support of her Application were outside of the Town of Kennebunk, and therefore were not considered by the Board

3. The Board placed greater weight on the testimony of the Assessor as to the condition of the building on the Waterhouse property and as to the condition of the building on nearby property at 21 Lord's Point.

4. It is impossible for the Board to place a valuation on the difference between the Waterhouse property and the 21 Lord's Point Road property based on the data submitted by the Applicant.

Based upon the foregoing, the Board of Assessment Review finds that Ms. Waterhouse failed to prove that the assessed valuation of her property is manifestly unjust; the Board therefore denied her request for abatement.
(R. 62-63).

## DISCUSSION

Plaintiff argues that the Town's assessment of her property did not reflect its just value, as defined by Maine law, and that the Board improperly disregarded evidence in her appraisal of her house's overvaluation when compared with a superior property at 21 Lord's Point Road. The Board argues that its decisions concerning the credibility of Plaintiff's appraisal evidence and the Assessor's methodology are within its sound discretion, and that Plaintiff failed to meet her initial burden of proving her assessment was "manifestly wrong."

The Superior Court, when acting in its intermediate appellate capacity will review the decision of the Board for any "abuse of discretion, error of law, or findings

3

unsupported by substantial evidence in the record." *Town of Southwest Harbor v. Harwood*, 2000 ME 213, ¶ 6, 763 A.2d 115, 117. "Substantial evidence is 'evidence that a reasonable mind would accept as sufficient to support a conclusion.'" *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175 (citation omitted). However, the appellate court may not substitute its own judgment for that of the municipality. *Id.* Findings of a board of review will not be overturned "unless the record compels a contrary finding." *Northeast Empire v. Town of Ashland*, 2003 ME 28, ¶ 9, 818 A.2d 1021, 1024 (citing *Yusem v. Town of Raymond*, 2001 ME 61, ¶ 9, 769 A.2d 865, 870).

In an abatement proceeding, the Board of Review undertakes an independent review of value only if the taxpayer "makes his threshold showing that the assessment is manifestly wrong." *Yusem*, 2001 ME 61, ¶ 7, 769 A.2d at 869. The Board of Review "begin their review of the assessment with the presumption that the assessor's valuation of the property is valid." *Id.* ¶ 8, 769 A.2d at 869-70. To overcome that presumption, "the taxpayer must demonstrate that (1) the assessor's judgment was irrational or so unreasonable that the property was substantially overvalued, resulting in an injustice; (2) there was unjust discrimination; or (3) there was fraud, dishonesty or illegality." *Northeast Empire v. Town of Ashland*, 2003 ME 28, ¶ 7, 818 A.2d 1021, 1024 (citation omitted). The taxpayer does not overcome the presumption by demonstrating that the assessor's methodology was improper; she must also present credible affirmative evidence of the just value of her property. *Id.* Once a taxpayer presents sufficient evidence "and the Board is convinced that the assessed value was manifestly wrong, then the Board has the responsibility to undertake its own determination of just value and to grant 'such reasonable abatement as the board thinks proper.'" *Town of Southwest Harbor v. Harwood*, 2000 ME 213, ¶ 7, 763 A.2d 115, 117. (citing 36 M.R.S.A. § 843(1)). On appeal, this court will review the record to determine whether the taxpayer

4

presented credible, affirmative evidence to meet his or her burden of persuading the Board that the assessor's valuation was "manifestly wrong." *Id.* ¶ 8, 763 A.2d at 117.

Here, to meet her burden of demonstrating that her assessment was manifestly wrong, Plaintiff relied heavily on the appraisal she submitted as evidence. However, the Board, after considering that appraisal, found and concluded that the methodology employed by the town's assessor generated a more accurate assessment than that offered in the appraisal report.

The task of weighing and analyzing competing evidence is assigned to the Board. The appellate court must accept the Board's findings unless the record evidence compels a contrary result. In this case, the Board's decision is supported by the record evidence, and this appeal must be Denied.

The clerk may incorporate this order in the docket by reference.

Dated:        October 25, 2004

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
Durward Parkinson Esq.
BERGEN AND PARKINSON
62 Portland Rd   Post Road Center
Kennebunk Me 04043

DEFENDANT:
Sally Daggett, Esq.
JENSEN BAIRD GARDNER AND HENRY
PO Box 4510
Portland Me. 04112-4510